IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

JERRI LYNN HOLTON                                                                        PLAINTIFF

VERSUS                                             CIVIL ACTION NO.  3:06cv138HTW-LRA

STATE OF MISSISSIPPI, et al.                                                         DEFENDANT

## MEMORANDUM OPINION AND ORDER
## DISMISSING THE PLAINTIFF'S COMPLAINT FOR FAILURE TO COMPLY

The Plaintiff filed a complaint pursuant to 42 U.S.C. § 1983 and requested *in forma pauperis* status.  On April 14, 2006, an order [9-1] was entered directing the Plaintiff to file a written response clarifying her claims within 20 days. The Plaintiff was warned in this order that her failure to keep this Court informed of her current address or her failure to timely comply with the requirements of the order may result in the dismissal of her complaint.  The Plaintiff failed to comply with this order.

An order to show cause [12-1] was then entered on August 31, 2006, directing the Plaintiff to show cause on or before September 15, 2006, why this case should not be dismissed for his failure to comply with the Court's order of April 14, 2006.  In addition, the Plaintiff was directed to comply with the April 14, 2006 order by filing a written response on or before September 15, 2006.  After receiving a change of address for the plaintiff, an order [15-1] was entered on September 19, 2006, granting the plaintiff a 15-day extension of time to comply with the orders of this Court.  Once again, the Plaintiff was warned in that order that failure to keep this Court informed of her current address or a failure to timely comply with the requirements of the order would lead to the dismissal of his complaint.  The Plaintiff has not complied with the show cause

order.

Out of an abundance of caution, a second order to show cause [16-1] was entered on October 26, 2006, directing the Plaintiff to respond on or before Friday, November 10, 2006. The order stated that this was the Plaintiff's final opportunity to comply with the orders of this court. The Plaintiff has failed to comply with the Court orders.

It is apparent from the Plaintiff's failure to communicate with this Court that she lacks interest in pursuing this claim. This Court has the authority to dismiss an action for the Plaintiff's failure to prosecute under Rule 41(b) of the FEDERAL RULES OF CIVIL PROCEDURE and under its inherent authority to dismiss the action *sua sponte*. See Link v. Wabash Railroad, 370 U.S. 626 (1962); Larson v. Scott, 157 F.3d 1030 (5th Cir.1998); McCullough v. Lynaugh, 835 F.2d 1126 (5th Cir. 1988). The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. Link, 370 U.S. at 630. Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars" of the Court. Id. at 629-30.

The Plaintiff has not complied with four court orders, nor has she contacted this Court since September 12, 2006. The Court concludes that dismissal of this action for Plaintiff's failure to prosecute under Rule 41(b) of the FEDERAL RULES OF CIVIL PROCEDURE is proper. Since the Defendants have never been called upon to respond to the Plaintiff's pleading and since the Court has never considered the merits of Plaintiff's claims, the Court's order of dismissal will

provide that dismissal is without prejudice.  See Munday/Elkins Automotive Partners, LTD. v. Smith, No. 05-31009, 2006 WL 2852389, at *2 (5th Cir. Oct. 2, 2006).

A Final Judgment in accordance with this Memorandum Opinion and Order will be entered.

SO ORDERED, this the 31st day of January, 2007.

                                  s/ HENRY T. WINGATE
                                  CHIEF UNITED STATES DISTRICT JUDGE